983 So.2d 742 (2008)
Kevin TIDWELL, Appellant,
v.
Kimberly S. TIDWELL n/k/a Kimberly Chapman, Appellee.
No. 4D07-3277.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Kevin Paul Tidwell, West Palm Beach, pro se.
Craig A. Boudreau, West Palm Beach, for appellee.
WARNER, J.
A father appeals the trial court's order giving full faith and credit to a South Carolina decree granting custody of the parties' minor child to the mother and ordering the child's pick up from the father. *743 Although the parties were divorced in Florida, which final judgment provided for shared responsibility, the court determined that all parties had moved to South Carolina, and the court had lost exclusive jurisdiction under section 61.515, Florida Statutes. We affirm.
In January 2000, the parties' marriage was dissolved by the Palm Beach County Circuit Court by a final judgment of dissolution of marriage. A marital settlement agreement and addendum were incorporated into the final judgment. The agreement provided that the parties have shared parental responsibility for the child, with the mother having primary custody. It contained a residency restriction provision limiting the child's residence to Palm Beach County unless the father consented to a change. It further provided that any disputes concerning the agreement were to be resolved in Florida under Florida law.
Despite these provisions, the father, mother, and child all moved to South Carolina by 2005. At some point in the end of 2006, the father removed the child to Florida. In January 2007, the mother filed a petition for custody in South Carolina, and the father filed a petition for modification in Palm Beach County. In his petition, the father claimed a substantial change in circumstances, because the mother attempted to permanently change the child's residence to South Carolina without his approval. In her petition, the mother asked for custody as the parties had moved to South Carolina. She also requested that the court order that the husband return the child to her, which the court ordered.
At a hearing in Florida seeking to enforce the pick up order, the trial court concluded that pursuant to section 61.515, it should not continue to exercise exclusive jurisdiction because the child and parents did not have a significant connection with Florida and substantial evidence no longer existed in Florida relating to the child. The court found that the parties and child had resided in South Carolina since 2005 and noted that the South Carolina court made the same finding. The court further found that Palm Beach County was an inconvenient forum. Even if the court had continuing exclusive jurisdiction, it would decline to exercise it as the father "engaged in unjustifiable conduct in his actions." Therefore, the court ordered the child to be placed in the physical custody of the mother who may remove the child to South Carolina.
The trial court correctly ruled that it did not have exclusive jurisdiction to determine the issues. Section 61.515(1) provides that the Florida court has "exclusive, continuing jurisdiction" until:
(a) A court of this state determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
(b) A court of this state or a court of another state determines that the child, the child's parent, and any person acting as a parent do not presently reside in this state.
Here, the courts in Florida and South Carolina both determined that the child and parents relocated to South Carolina in 2005. The Florida court determined that the parties no longer maintained a significant connection with Florida. Under section 61.515, Florida Statutes, the Florida court lost exclusive jurisdiction.
Once the court lost exclusive jurisdiction, it could not modify a child custody decree unless it had jurisdiction to make an initial determination under section 61.514. See § 61.515(2), Fla. Stat. Florida *744 cannot exercise jurisdiction under any of the provisions of section 61.514. Therefore, it must honor the order of the South Carolina court, the court having jurisdiction. See § 61.519(1), Fla. Stat.
The trial court's rulings must be affirmed.
POLEN and TAYLOR, JJ., concur.